UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL FASOLA**                                      **CIVIL ACTION**

**versus**                                              **NO. 11-495**

**N. BURL CAIN**                                        **SECTION: "F" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Michael Fasola, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On April 18, 2003, he was convicted of second degree murder

under Louisiana law.[1]  On May 6, 2003, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2]  The Louisiana Fifth Circuit Court of Appeal affirmed that conviction on March 29, 2005,[3] and the Louisiana Supreme Court then denied petitioner's related writ application on December 9, 2005.[4]

On September 10, 2007, petitioner filed with the state district court an application for post-conviction relief.[5]  That application was denied on September 15, 2009.[6]  Relief was likewise denied by the Louisiana Fifth Circuit Court of Appeal on December 15, 2009,[7] and by the Louisiana Supreme Court on January 14, 2011.[8]

---

[1] State Rec., Vol. I of VII, minute entry dated April 18, 2003; State Rec., Vol. III of VII, jury verdict form.

[2] State Rec., Vol. I of VII, minute entry dated May 6, 2003; State Rec., Vol. VI of VII, transcript of May 6, 2003, p. 12.

[3] State v. Fasola, 901 So.2d 533 (La. App. 5th Cir. 2005) (04-KA-902); State Rec., Vol. VI of VII.

[4] State v. Fasola, 916 So.2d 1055 (La. 2005) (No. 2005-K-1069); State Rec., Vol. VI of VII.

[5] State Rec., Vol. VI of VII.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will use the signature date as the filing date, in that the applications were obviously placed in the mail no earlier than the date they were signed.

[6] Judgment and Incorporated Reasons dated September 15, 2009; Rec. Doc. 5-1, pp. 15-19.

[7] Fasola v. Cain, No. 09-KH-943 (La. App. 5th Cir. Dec. 15, 2009); Rec. Doc. 5-1, pp. 2-10.

[8] State *ex rel.* Fasola v. State, 52 So.3d 896 (La. 2011) (No. 2010-KH-0201); Rec. Doc. 5-1, p. 1.

On February 17, 2011, petitioner filed the instant federal application for *habeas corpus* relief.[9] The state contends that petitioner's federal application is untimely.[10] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[11]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on December 9, 2005. Therefore, under § 2244(d)(1)(A), his criminal judgment became "final" no later than March 9, 2006, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his period

---

[9] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his application in the prison mailing system on February 17, 2011. Rec. Doc. 5, p. 15.

The state court record reflects that, after filing this federal application, petitioner once again returned to the state district to file a second post-conviction application on March 17, 2011. State Rec., Vol. VII of VII. That application was denied on May 31, 2011. State Rec., Vol. VII of VII, Judgment and Incorporated Reasons dated May 31, 2011. His related motion for reconsideration was then likewise denied. State Rec., Vol. VII of VII, Order dated July 15, 2011.

[10] Rec. Doc. 10.

[11] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

for seeking federal *habeas corpus* relief commenced on that date and expired on March 9, 2007, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any time during the one-year limitations period.[12] Therefore, he clearly is not entitled to statutory tolling.

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[12] The Court notes that petitioner later filed state post-conviction applications in 2007 and 2011. However, such applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before March 9, 2007, in order to be timely. His federal application was not filed until February 17, 2011, and it is therefore untimely.[13]

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Michael Fasola be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this twenty-third day of September, 2011.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] Because petitioner's federal application is untimely, the Court need not address the alternative grounds for dismissal argued by the state.

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.